UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
KELLY N. HANSEN,                     )
                                     )
                         Plaintiff,  )  No. C08-0381RSL
                                     )
         v.                          )  ORDER GRANTING IN PART
                                     )  DEFENDANTS' MOTION FOR
CHILDREN'S HOSPITAL AND REGIONAL     )  SUMMARY JUDGMENT
MEDICAL CENTER, INC., *et al.*,      )
                                     )
                         Defendants. )
_____ )

This matter comes before the Court on "Defendants' Motion for Summary Judgment." Dkt. # 35. Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of "the pleadings, the discovery and disclosure materials on file, and any affidavits" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324.

Having reviewed the memoranda submitted by the parties and the remainder of the record, the Court finds as follows:

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

(1) For the reasons stated in the Court's "Order Denying Plaintiff's Motion for Summary Judgment," of even date, plaintiff's claim under 38 U.S.C. § 4312 fails because defendants reemployed her when she returned from her National Guard service.

(2) Defendants argue that plaintiff's discrimination claims under 38 U.S.C. § 4311 and the Washington Law Against Discrimination ("WLAD") should be dismissed because her military status was not a substantial or motivating factor in her termination. When viewed in the light most favorable to plaintiff, however, the direct and circumstantial evidence in the record – including the lack of any pre-service indication that plaintiff was performing poorly, the timing of her termination, and statements made by defendant Dimmers prior to termination about plaintiff being a better fit for a veterans' hospital rather than Children's – could support a finding that defendants "relied on, took into account, considered, or conditioned" their employment decision on plaintiff's military service. Coffman v. Chugach Support Servs., Inc., 411 F.3d 1231, 1238 (11th Cir. 2005) (quoting Brandsasse v. City of Suffolk, Va., 72 F. Supp.2d 608, 617 (E.D. Va. 1999)). Of course, there are innocent and reasonable explanations that support defendants' position. Under a summary judgment standard, however, there are genuine issues of material fact regarding the role plaintiff's military status played in her termination, and her 38 U.S.C. § 4311 and WLAD claims must proceed to trial.

(3) To succeed on her claim of wrongful discharge in violation of public policy, plaintiff must establish four elements: (a) that a clear public policy exists; (b) that discouraging the conduct in which plaintiff engaged would jeopardize the public policy; (c) that the public-policy-linked conduct caused the dismissal; and (d) that defendants have not presented an overriding justification for the dismissal. Roberts v. Dudley, 140 Wn.2d 58, 64-65 (2000). Plaintiff's claim of wrongful termination in violation of public policy fails because she has not identified a clear public policy that would be jeopardized in this case. The statutes relied upon establish a reporting system related to "adverse health events" for the purpose of improving

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT         -2-

patient safety and healthcare.  See RCW 70.56.020(1) and 42 U.S.C. § 299 *et seq*.  There is no clear public policy to provide timely pastoral care in the hospital setting or to encourage the reporting of concerns that are unrelated to the provision of healthcare.

(4)  Although plaintiff's employment was generally terminable-at-will, she argues that a handbook Children's provided during orientation includes enforceable "promises of specific treatment in specific situations."  Thompson v. St. Regis Paper Co., 102 Wn.2d 219, 233 (1984).  In order to succeed on her equitable claim for breach of promise, plaintiff must show that (a) a statement in an employee manual or handbook or similar document amounts to a promise of specific treatment in specific situations, (b) she justifiably relied on the promise, and (c) the promise of specific treatment was breached.  Korslund v. Dyncorp Tri-Cities Servs., Inc., 156 Wn.2d 168, 184-85 (2005).

In the regulatory survey section of its employee guide, defendant Children's states that "[o]ur non-retaliation policy mentioned in the earlier compliance section applies to all questions and reports, including those to the Joint Commission.  Children's will take no disciplinary action against the person for reporting."  Although the parties have not identified, and the Court has not found, the "non-retaliation policy" mentioned in the first sentence, the promise of non-retaliation clearly extends beyond reports made to the Joint Commission.  The non-retaliation policy "applies to all questions and reports," including those made to the Joint Commission.  The second sentence cited by plaintiff contains Children's promise that no disciplinary action will be taken against an employee for reporting.  Read in a reasonable fashion, these statements constitute a promise of specific treatment in a specific situation.

Defendants argue that plaintiff did not rely on the promise of non-retaliation contained in the Day One booklet.  Plaintiff testified, however, that she read the booklet during her orientation, including the section regarding the Joint Commission surveys.  She was also encouraged to use the eFeedbackNow system and understood that input into the system would

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT           -3-

not be used against her.  It is undisputed that plaintiff lodged an eFeedback report in December 2007.  Although defendants argue that plaintiff was not aware of the non-retaliation policy until after her January 16th meeting with defendant Dimmers, there is evidence to support the contrary conclusion, giving rise to a fact issue.

Finally, defendants assert that reliance on any promises contained in the Day One booklet would be unjustified because Children's posted an at-will notice on its employee intranet, which plaintiff used periodically throughout her employment.  Although employers may "disclaim the contractual nature of what might otherwise appear to be enforceable promises" contained in handbooks (Doolittle v. Small Tribes of W. Wa., Inc., 94 Wn. App. 126, 135 (1999)), the disclaimer in this case is not part of the Day One booklet, there is no evidence that the Day One booklet is one of the "following policies and procedures" to which the disclaimer applies, and there is no evidence that plaintiff saw the disclaimer before she filed her eFeedback report.  Plaintiff has therefore raised a genuine issue of material fact regarding the reasonableness of her reliance on the promise of non-retaliation.

For all of the foregoing reasons, defendants' motion for summary judgment is GRANTED in part and DENIED in part.  Plaintiff's claim under 38 U.S.C. § 4312 and her claim of wrongful termination in violation of public policy are hereby DISMISSED.  All other claims are stayed pursuant to the Court's Order of June 23, 2008.

Dated this 2nd day of September, 2008.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT          -4-