UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
KELLY N. HANSEN,                    )
                                    )
                Plaintiff,          )   No. C08-0381RSL
                                    )
          v.                        )   ORDER DENYING PLAINTIFF'S
                                    )   MOTION FOR SUMMARY
CHILDREN'S HOSPITAL AND REGIONAL    )   JUDGMENT
MEDICAL CENTER, INC., *et al.*,     )
                                    )
                Defendants.         )
_____)

        This matter comes before the Court on "Plaintiff's Motion for Partial Summary Judgment for Violation of 38 U.S.C. § 4312." Dkt. # 18. Plaintiff claims that defendants violated the Uniform Services Employment and Reemployment Rights Act ("USERRA") when they failed to reemploy plaintiff after her return to work from military service obligations. Defendants maintain that (1) USERRA's reemployment rights are not applicable where the employee was going to be terminated anyway, (2) plaintiff was, in fact, reemployed, and (3) there is a factual issue regarding an affirmative defense under § 4312(d)(1).

        Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of "the

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

pleadings, the discovery and disclosure materials on file, and any affidavits" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)).  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient," and factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment.  Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

   Having reviewed the memoranda submitted by the parties and the remainder of the record, the Court finds as follows:

 (1) Defendants agree that plaintiff meets the statutory requirements for reemployment but argue that reemployment would be illogical in the circumstances presented here.  Section 4312 provides that "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services" shall be entitled to reemployment.  Except for certain enumerated defenses, the right to reemployment is guaranteed without reference to the employer's intent.  "This interpretation is in keeping with congressional intent in enacting USERRA. Finding existing veteran's right statutes overly complex and ambiguous, leaving veterans and employers confused as to their rights and responsibilities, Congress acted to clarify, simplify, and where necessary, strengthen the existing veterans' employment and reemployment rights provisions." Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 307 (4th Cir. 2006) (internal citation and quotation marks omitted).

   Although defendants would like to ignore the fact that plaintiff took a service-

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT  -2-

related absence, her return from National Guard service triggered the protections of USERRA. As defendants acknowledge, plaintiff met the statutory requirements for reemployment and was therefore entitled to return to her job under § 4312.  There is no exception for employers who intended to terminate the employment relationship before the service-related absence began: such an exception would introduce issues of intent into the analysis and destroy the simplicity of the right Congress created.

(2)  The issue is whether defendants violated § 4312.  When plaintiff returned from her National Guard service, defendants treated her as an employee:  she had an assigned shift, she met with her supervisor as scheduled, and she was paid for all hours worked on the same terms and conditions as applied before she left for training.  Although defendants began the process of terminating plaintiff's employment immediately upon her return from service, including removing her from the shift schedule, it is clear that all parties, including defendants, recognized that plaintiff was an employee of Children's Hospital as of January 16, 2008.  Section 4312 "only entitles a service person to immediate reemployment and does not prevent the employer from terminating him the next day or even later the same day."  Jordan v. Air Prods. & Chems., Inc., 225 F. Supp.2d 1206, 1208 (C.D. Cal. 2002)).  See also Pittman v. Dept. of Justice, 486 F.3d 1276, 1280 (Fed. Cir. 2007) (employee who returned to work for one shift before being placed on administrative leave was reemployed for purposes of § 4312); Woodard v. N.Y. Health & Hosp. Corp., 554 F. Supp.2d 329, 349-50 (E.D.N.Y. 2008).  If the termination were motivated by plaintiff's National Guard service, her remedy will lie under § 4311 or possibly § 4316, but not under § 4312.  Francis, 452 F.3d at 304.

(3)  Having determined that defendants reemployed plaintiff following her National Guard service, the Court need not decide whether defendants raised a genuine issue of material fact regarding the affirmative defenses set forth in § 4312(d)(1).

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                -3-

1  For all of the foregoing reasons, plaintiff's motion for summary judgment is
2  DENIED.

Dated this 2nd day of September, 2008.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                -4-